**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ART SCHMIDLIN,**

    **Plaintiff,**

v.                                          Case No.  8:07-CV-2149-T-30MSS

**APEX MORTGAGE SERVICES, LLC,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Entry of Final Default Judgment Against Defendant (Dkt. 11) and request for attorney's fees and costs incorporated therein.  Plaintiff initiated this cause of action by filing a complaint for overtime wages pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), in violation of 29 U.S.C. § 207(a)(1). The Clerk entered a default against Defendant on December 26, 2007, pursuant to Fed. R. Civ. P. 55(a) (2007) for failure to plead or otherwise defend as provided in the rules governing civil actions in federal court.

A copy of the instant motion was mailed to Defendant Apex at its address of record on January 28, 2008 (Dkt. 11 at 5). See Fed. R. Civ. P. 55(b)(2) (2007). There has been no opposition to the motion filed. See Local Rule 3.01(b) (2007). The Court, having considered the motion, rules and statutes applicable thereto, and controlling case law, and being otherwise advised in the premises, finds that Defendant's motion should be granted, as set forth below.

By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period. See Cotton v. Mass. Mut. Life Insurance. Co., 402 F.3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact"). Defendant also admits that it was an employer and was required to comply with the FLSA. See id. Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful. See id. Accordingly, by failing to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for his work.

Plaintiff filed his complaint on November 9, 2008. Plaintiff avers that he was employed by Defendant Apex from May, 2004, through March, 2007, as a non-exempt mortgage loan officer. Under the FLSA, non-exempt employees are entitled to be paid one and one-half times their regular rate of pay for all hours worked in excess of 40 during a workweek. See 29 U.S.C. § 207(a)(1).[1] Plaintiff further avers that during the period November, 2004, through March, 2007, see 29 U.S.C. § 255(a),[2] he "regularly worked an average of 8.5 hours per day or more, and occasionally working until 9:00 p.m. at least three (3) times per month" (Dkt. 11-2 ¶ 4). Plaintiff does not assert that he was not compensated

---

[1] "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C.A. § 207(a)(1).

[2] The statute of limitations period for actions under the FLSA is normally two years, but can be extended to three years if the violation of the FLSA is willful. See 29 U.S.C. § 255(a). The willful standard means the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. Hazen Paper Co. v. Biggins, 507 U.S. 604, 614 (1993).

for the hours he worked; he contends, instead, that he was under-compensated because he was paid for overtime hours at his regular rate of pay rather than one and one-half times his regular rate of pay. Id. ¶ 5. Plaintiff calculates that he is owed half time wages at the rate of $22.01/hour for his overtime hours, as follows:

$1,937.50³/44 hours = $44.03/hourly rate x ½ = $22.01 overtime premium rate

Id. According to Plaintiff, he "regularly averaged approximately four (4) hours of overtime per week . . . [for] 120 weeks. . . . [and is owed] a total of $10,564.80 in unpaid overtime wages, calculated as follows:

$22.01 overtime premium rate x 4 hours overtime weekly x 120 weeks = $10,564.80

Id. ¶¶ 5-6. "[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Etienne v. Inter-County Sec. Corp., 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946)). In this case, the Defendant is in default. Thus, the Court finds, without objection, that Plaintiff's affidavit is sufficient evidence to show the amount and extent of the work he performed.

Title 28 U.S.C. § 216(b)[4] is the enforcement provision of the FLSA, as amended. Section 216 authorizes a private cause of action by an employee against an employer to

---

[3]According to Plaintiff, this is the amount of his average gross weekly wage plus commissions.

[4]In Alden v. Maine, 527 U.S. 706 (1999), the United States Supreme Court held 29 U.S.C. § 216(b) unconstitutional insofar as it authorized a state to be sued by a state employee in state court. Id. at 712.

recover damages, costs, and attorney fees for failure to pay wages owed for services rendered. Section 216 also provides that "[a]ny employer who violates the provisions of . . . section 207 of this title shall be liable to the employee . . . affected in the amount of . . . their unpaid overtime compensation. . . and in an additional equal amount in liquidated damages." 29 U.S.C. § 216(b).

There is no question that Plaintiff is entitled to relief in a sum equal to his unpaid overtime compensation. In addition to collecting all of his unpaid wages, an FLSA plaintiff can recover reasonable attorney's fees and costs from the defendant. 29 U.S.C. § 216(b) (2006). Generally, upon proof of a willful and unreasonable violation of the FSLA, the Court will award liquidated damages in an amount no greater than the backwages owed. The purpose of liquidated damages is not to penalize the employer but to compensate the employee for the harms caused by the delay. Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 707 (1945).

Here, Plaintiff alleged that Defendant acted willfully in failing to pay Plaintiff the required overtime compensation (Dkt. 1 ¶¶ 14-16). As a defaulted party, Defendant has admitted these allegations. Additionally, by failing to answer the complaint Defendant has not presented a defense that the failure to pay overtime compensation was in good faith, so the Court must require Defendant to pay liquidated damages. Such liquidated damages are mandatory unless the employer demonstrates its actions were in good faith and shows it had reasonable grounds for believing that those actions did not violate the FLSA. 29 U.S.C. § 260.

Thus, Defendant is liable to pay Plaintiff $10,564.80 in liquidated damages, which equals the amount of unpaid overtime wages.

The FLSA provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Calculating an appropriate fee award under federal law involves a two-step process. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The court first calculates the "lodestar" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. Id. The court may then adjust the lodestar upward or downward based on an evaluation of the factors articulated in Hensley v. Eckerhart, 461 U.S. 424, 434 (1983), that have not been subsumed in the lodestar calculation. Id.

As the Eleventh Circuit has recognized, "[u]ltimately, the computation of a fee award is necessarily an exercise of judgment[] because 'there is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Webb v. Dyer County Bd. of Educ., 471 U.S. 234, 242 (1985); ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. Hensley, 461 U.S. at 433.

Plaintiff seeks an award of attorney's fees for the services provided by Attorney Keith M. Stern in connection with this case. In support of the request for attorney fees, Plaintiff filed

an affidavit executed by Stern and a copy of the hours billed for the case, as well as costs incurred. Stern's affidavit, standing alone, is not a sufficient basis for determining the lodestar. "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work . . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." Norman, 836 F.2d at 1299. The Court may, however, use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. See Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994); Norman, 836 F.2d at 1303; see also Scelta v. Delicatessen Support Servs., Inc., 203 F.Supp.2d 1328, 1331 (M.D.Fla. 2002).

According to Plaintiff's records, Stern worked 4.6 hours at a rate of $265.00 per hour for a total of $1,219.00. The Court concludes that this case supports the rate requested. Considering the legal market and awards in similar cases within this district, the Court finds that an hourly rate of $265.00 for work performed by Stern is appropriate in the absence of an objection. This Court further finds that $450.00 is recoverable and taxable as costs for Plaintiff, see Dkt. 11-3 ¶ 10.

It is therefore **ORDERED** and **ADJUDGED** that:

1. Plaintiff's Motion for Entry of Final Default Judgment Against Defendant (Dkt. 11) is **GRANTED**.

2. The Clerk is directed to enter final judgment in favor of Plaintiff against Defendant Apex in the total amount of $21,129.60 ($10,564.80 overtime compensation/$10,564.80 liquidated damages).

3. Plaintiff's request for the award of attorneys' fees and costs is **GRANTED** in the amount of **$1,219.00** in fees and **$450.00** in costs.

4. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on April 9, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-2149 Judgment.wpd